UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD THOMAS,

        Petitioner,

v.                                      Case Number: 08-cv-14273
                                      Honorable Patrick J. Duggan

CAROL HOWES,

        Respondent.

_____/

## OPINION AND ORDER
## DENYING PETITIONER'S MOTION FOR APPEAL BOND
## OR EXPEDITED JUDGMENT

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on February 22, 2010.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                    UNITED STATES DISTRICT COURT JUDGE

On October 7, 2008, Petitioner Edward Thomas ("Petitioner"), a state prisoner,

filed a habeas corpus petition pursuant to 28 U.S.C. § 2254. Petitioner challenges his

convictions in October 2006, following a bench trial in the Circuit Court for Wayne

County, Michigan, for (1) kidnapping, (2) criminal sexual conduct, fourth degree, and (3)

domestic violence. Petitioner contends that there was insufficient evidence to find him

guilty beyond a reasonable doubt. Respondent filed a response to the petition and Rule 5

materials on July 1 and 6, 2009, respectively. Presently before the Court is Petitioner's

motion for bond or expedited judgment, filed January 27, 2010.

The standard for entitlement to bail pending a decision on the merits in a habeas corpus proceeding is difficult to satisfy:

> In order to receive bail pending a decision on the merits, prisoners must be able to show not only a substantial claim of law based on the facts surrounding the petition but also the existence of "some circumstances making the motion for bail exceptional and deserving of special treatment in the interests of justice."

*Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990) (quoting *Aronson v. May*, 85 S. Ct. 3, 5 (1964)). The *Dotson* court indicated that "[t]here will be few occasions where a prisoner will meet this standard." *Id.* "Since a habeas petitioner is appealing a presumptively valid state conviction, both principles of comity and common sense dictate that it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits in the habeas case." *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993).

Petitioner has not met the standard for bond set forth in *Dotson*, particularly as his only challenge to his conviction is an insufficiency of the evidence claim. Relief, therefore, must await review of the state-court record.

Petitioner alternatively asks the Court to expedite its decision relative to his habeas petition. Petitioner, however, fails to show good cause to expedite a ruling on his petition. Petitioner has not demonstrated that reviewing this matter in the Court's normal course would be prejudicial to his interests or constitute undue delay.

Accordingly,

**IT IS ORDERED**, that Petitioner's Motion for Appeal Bond or Expedited

Judgment is **DENIED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Edward Thomas, #524590
Cooper Street Correctional Facility
3100 Cooper Street
Jackson, MI   49201

Laura Cook, Esq.